IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2001 Session

## CHRISTY M. BAUER v. WILLIAM ROBERT BAUER

**Direct Appeal from the Chancery Court for Williamson County
No. 8684     Hon. Russ Heldman, Judge**

**No. M2001-00266-COA-R3-CV - Filed February 22, 2002**

In this divorce case, the Trial Court awarded custody of the child of the parties to the mother, and awarded attorney fees to the mother. Father has appealed these awards. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Jeffrey L. Levy, Nashville, Tennessee, for Appellant, William Robert Bauer.

Rose Palermo, Nashville, Tennessee, for Appellee, Christy M. Bauer.

## OPINION

In this divorce action, the Trial Court awarded the wife a divorce and custody of the parties' minor child. The husband has appealed and raises the following issues:

> 1. The Trial Court disregarded the law in determining that custody of Griffin should be awarded based upon one factor only, and not upon a balancing of the factors contained in Tenn. Code Ann. §36-6-106.
>
> 2. The Court, in any event, erred in finding that Mr. Bauer lacks the ability to facilitate and encourage a close and continuing parent-child relationship between Griffin and Ms. Bauer.
>
> 3. The Court erred in a matter of law in awarding $21,000.00 in legal fees to Ms. Bauer.

The parties were married in 1997, and a son was born to the marriage in March of 1998. The husband is a plant engineer earning approximately $73,248.00 per year, and the mortgage on his home in Brentwood was paid off by the time of the marriage and became the marital residence. The appraised value of the home was $330,000.00 on the date of the marriage, and the judge determined its value to have increased to $360,000.00 at the time of the divorce. The husband also has $140,000.00 in savings and a 401(k) valued at $110,000.00.

The wife has advanced degrees; one in special education, and the other in social work, and earns $51,870.00 a year in the Metro school system. In the property division, she was awarded $15,000.00 cash from Mr. Bauer as her share in the increased equity in the home during the marriage, half of a joint checking account that had a balance of $9,963.21. She has personal savings of $35,152.00 and a retirement fund of $39,743.00.

On appeal, the father refers to Tenn. Code Ann. §36-6-106(a), which directs that the court "shall consider all relevant factors" as set forth in the statute, and insists that the Trial Court singled out one specific factor and based the custody decision on that factor alone, i.e., the father lacks the ability to facilitate and encourage a close and continuing parent-child relationship between the child and the mother.

The record reveals that the Trial Court reviewed the statutory factors before determining custody, finding both parents essentially equal, with the exception of the father's greater earning capacity. The child would have a greater sense of continuity in his present home, but that was only one factor to be considered. The Court, in his analysis, considered the extent to which the parent awarded custody would be able to foster and encourage a good healthy relationship with the other parent. After reviewing the evidence and having observed the parties throughout the trial, the Court concluded the wife was more likely to facilitate the child's relationship with his father, and expressed serious doubts about the father's ability to do that if he was awarded custody. He further found that both parents were so different that joint custody would not be feasible, and granted the wife custody, with liberal visitation to the father.

Our review of custody decisions is *de novo* with a presumption of correctness. The lower court will be upheld unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Rice v. Rice,* 983 S.W.2d 680, 682 (Tenn. Ct. App. 1998). The trial judge's assessment of witnesses is entitled to great weight on appeal, and issues which hinge on credibility will not be reversed unless there is found in the record clear, concrete and convincing evidence to the contrary. *Id.*:

> "No decisions in divorce cases require a more delicate touch than those involving child custody and visitation. Courts must strive to devise custody arrangements that promote the development of the children's relationship with both parents and interfere as little as possible with post-divorce family decision-making."

*Adelsperger v. Adelsperger,* 970 S.W.2d 482, 484 (Tenn. Ct. App. 1997).

The trial court is vested with "wide discretion in matters of child custody and the appellate courts will not interfere except upon a showing of erroneous exercise of that discretion."

*Koch v. Koch,* 874 S.W.2d 571, 575 (Tenn. Ct. App. 1993).

The evidence does not preponderate against the Trial Judge's findings about the father's ability to nurture the child's relationship with his mother, given the evidence of the father's rigid nature, and uncompromising position that all of the problems in his marriage were the result of the wife's "condition". The Trial Court, in his remarks, pointed out that Mr. Bauer was not a bad person, but upon analyzing all of the factors, he observed, "Ultimately, I have to do what is in the best interest of Griffin." In applying the balancing fitness test, where both parents' relative fitness as to most factors is equal, the finding of a factor in favor of one parent, if supported by the evidence, may determine the outcome. The evidence does not preponderate against the Trial Court's decision. We affirm.

Finally, the husband argues that the wife had the ability to pay her own attorney's fees, and pointed out that he is responsible for paying his own attorney's fees in the amount of $18,169.17, and that in order to meet his obligation he will have to liquidate some of his own assets.

This case resulted in a prolonged trial, wherein the husband strongly resisted the wife's obtaining a divorce, maintaining throughout that the divorce should be denied and that he and the wife should remain married. After the property division, the wife's assets relative to the husband's are approximately one-fourth of the husband's net worth.

The allowance of attorney's fees in a divorce action is largely in the discretion of the Trial Court, and we will not interfere except upon a clear showing of abuse of that discretion. *See Aaron v. Aaron*, 909 S.W.2d 408 (Tenn. 1995). Awards of attorney's fees are appropriate when the spouse seeking them lacks sufficient funds to pay his or her own legal expenses, or would be required to deplete his or her resources in order to pay the legal fees. *Brown v. Brown*, 913 S.W.2d 163 (Tenn. Ct. App. 1994). Moreover, a party obtaining a divorce should not suffer financially where the other party's misconduct brought about the divorce. *See Lancaster v. Lancaster,* 671 S.W. 2d 501, 504 (Tenn. Ct. App. 1984). In this case if the wife was required to pay her attorney's fees, she would essentially deplete property she received in the marital settlement and she is obligated to provide a home for the child. *See Wilson v. Wilson*, 987 S.W.2d 555 (Tenn. Ct. App. 1998). We conclude that the Trial Court did not abuse its discretion in the award of attorney's fees.

On appeal, the wife asks this Court for her attorney's fees incurred on this appeal. In our discretion, we decline to award additional fees to the wife. The cost of the appeal is assessed to William Robert Bauer, and the cause remanded.

_____
HERSCHEL PICKENS FRANKS, J.